UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DEANN GRAHAM,

    Plaintiff,

    v.

ELKHART CITY OF THE,

    Defendant.

Case No. 3:21-CV-495 JD

## OPINION AND ORDER

On January 25, 2022, this Court entered a judgment dismissing the federal claims of Plaintiff DeAnn Graham, with prejudice, and her state claims without prejudice. (DE 29.) Following the entry of judgment, Graham has filed two motions to stay. (DE 32; DE 35.) Graham's motions are difficult to construe, but it appears that Graham is asking the Court to "put in place" a "30 days stay" of the "proceedings to enforce" the judgment pursuant to Federal Rule of Civil Procedure Rule 62(c) and (d). (DE 32 at 1.)

Under Rule 62(d), "[w]hile an appeal is pending from [a] . . . final judgment that grants, continues, modifies, refuses, dissolves, or refuses to dissolve or modify an injunction, the court may suspend, modify, restore, or grant an injunction on terms . . . that secure the opposing party's rights." Fed. R. Civ. P. 62(d). "In other words, Rule 62(d) "allow[s] the district court to modify an injunction to maintain the status quo pending appeal." *GCM Partners, LLC v. Hipaaline Ltd.*, No. 20 C 6401, 2021 WL 1526669, at *5 (N.D. Ill. Apr. 19, 2021) (quoting *Eli Lilly & Co. v. Aria Foods, Inc.*, 893 F.3d 375, 384 (7th Cir. 2018)). In deciding a motion seeking a stay, the Court typically considers four factors: (1) whether the stay applicant has made a strong showing that she is likely to succeed on the merits; (2) whether the applicant will be

irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Matter of Roen Salvage Co.*, No. 20-C-915, 2021 WL 603689, at *1 (E.D. Wis. Jan. 13, 2021).

There are two clear reasons for denying these motions. First, the judgment did not deny Graham an injunction. In fact, Graham did not request an injunction. Her request for relief in her Complaint was limited to "decla[ring] that Defendants' discriminatory practices" violated the "color of law" and "award[ing] monetary damages of $75 Million." (DE 1 at 11.) Nor has the Court previously provided relief in the form of an injunction to any party. Accordingly, it is unclear to the Court what exactly Graham wants stayed under Rule 62(d). Second, even if the Court had previously denied Graham an injunction, she provides no argument as to the four factors set forth above. The Court previously explained why it dismissed each of Graham's federal claims in its prior two orders and Graham does not make any argument that puts those findings into doubt. (DE 19; DE 28.) In short, there is nothing indicating that Graham's appeal has a strong likelihood of success on the merits, that she would experience irreparable injury without a stay, or that a stay is in the public interest.

Accordingly, Graham's motions to stay are DENIED. (DE 32; DE 35.)

SO ORDERED.

ENTERED: September 29, 2022

                                                /s/ JON E. DEGUILIO
                                                Chief Judge
                                                United States District Court